**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

JANE R. EVANS,

    Plaintiff,

v.

SANDPLAY THERAPISTS OF AMERICA,

    Defendant.

No. C 08-01066 SBA

**ORDER**

[Docket No. 5]

## REQUEST BEFORE THE COURT

Before the Court is plaintiff Jane R. Evans' Motion to Appoint Counsel (the "Motion"). [Docket No. 5] For the following reasons, the Court DENIES the Motion without prejudice.

## BACKGROUND

On February 22, 2008, Evans filed a Complaint [Docket No. 1], consisting of about three-quarters of an inch of attachments, making general allegations of maltreatment by defendant's agents, such as denying her access to its programs, insults, and hostile acts, all predicated on her Hispanic ethnicity. *See* Docket No. 1. Evans sued under Title VII, 42 U.S.C. § 2000e *et seq. See id.* at 1. The same day she sued, Evans request *in forma pauperis* ("IFP") status, which was granted on April 23, 2008.[1] *See* Docket No. 10. On February 26, 2008, Evans filed a letter asking the Court to appoint her counsel. *See* Docket No. 5.

## LEGAL STANDARD

An indigent litigant who may lose his or her physical liberty, if they lose a litigation, has a right to the appointment of counsel. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In, contrast, in employment actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *pro bono* counsel may be appointed "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). A court must assess three

---

[1] The delay was due to reassignment to this Court from a magistrate judge, after plaintiff did not timely provide consent to have a magistrate judge handle this matter. *See* Docket Nos. 4-7.

factors in making a determination under this section: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citations omitted). In this district, if a court finds the plaintiff meets the above-stated criteria, a court may refer the plaintiff's case to the Federal Pro Bono Project, which will attempt to locate a volunteer attorney to represent the plaintiff. The Federal Pro Bono Project, however, will only attempt to secure representation for indigent Title VII plaintiffs or indigent incarcerated plaintiffs bringing civil rights actions.

**ANALYSIS**

In this case, Evans is not faced with loss of her physical liberty, should she lose, so she is not entitled to an appointed counsel under *Lassiter*.[2]

She is, however, proceeding under Title VII, so the Court will consider whether she falls under the three *Bradshaw* factors. Evans falls under the first factor, as the Court has already given her IFP status.

She does not, however, fall under the second factor. Although she indicated she contacted four attorneys who refused to take her case, which is a sufficient number, *Bradshaw*, 662 F.2d at 1319 n.54, she did not provide a declaration compliant with 28 U.S.C. § 1746, documenting her efforts and why they refused to take her case, *Bradshaw*, 662 F.2d at 1319; *Luna v. Int'l Ass'n of Machinists & Aerospace Workers*, 614 F.2d 529, 531 (5th Cir. 1980).

Lastly, she does not fall under the third factor. At this point, she has stated a prima facie case, but nothing more, and a cursory review of her attachments suggest fact issues as to whether she was defendant's employee or timely filed with the EEOC. Without taking a position as to any other possible state or federal claims Evan might assert, she has not made a sufficient showing under Title VII, to justify a search for volunteer counsel willing to accept appointment.

///

///

---

[2] Further, funds are not available from the district court to compensate appointed counsel.

**CONCLUSION**

Accordingly, the Court DENIES without prejudice plaintiff Jane R. Evans' Motion to Appoint Counsel [Docket No. 5].

IT IS SO ORDERED.

April 29, 2008

                                        Saundra Brown Armstrong
                                        United States District Judge

1
2  UNITED STATES DISTRICT COURT
3  FOR THE
4  NORTHERN DISTRICT OF CALIFORNIA
5
6
7  EVANS et al,                                    Case Number: CV08-01066 SBA
8         Plaintiff,                               **CERTIFICATE OF SERVICE**
9    v.
10 SANDPLAY THERAPISTS OF AMERICA et al,
11
12         Defendant.                            /
13
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
14 Court, Northern District of California.

15 That on April 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
16 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.
17
18
19 Jane R. Evans
   PO Box 424886
20 San Francisco, CA 94142

21 Dated: April 29, 2008
                                                 Richard W. Wieking, Clerk
22                                               By: LISA R CLARK, Deputy Clerk
23
24
25
26
27
28

4