Jane Rocio Evans
P.O. Box 424886
San Francisco,
CA 94142
(415) 336-3547

IN THE UNITED STATES DISTRICY COURT

FOR THE NORTHEN DISTRICT OF CALIFORNIA

United States District Judge Saundra Brown Armstrong

JANE ROCIO EVANS

Plaintiff

v.

SANDPLAY THERAPISTS OF AMERICA,
Defendant

FILED
MAY 22 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Regarding: Case management Conference order

Standing order for all Judges of the Northern District of California/Contents of Joint Case management statement

Agenda items:

1. Jurisdiction and Service: Plaintiff's claims: Defendant needs to send in writing, via certified mail to defendant at: P.O. Box 424886, san Francisco, CA 94142, a letter from Lauren Cunningham, Sandplay Therapists of America teaching member, stating dates and times of next STA consultation group, time it is meeting, for purposes that Plaintiff may attend next meeting of this Consultation group, as it is held in San Francisco, Ca., where plaintiff resides, and Plaintiff does not have a vehicle to get to another Consultation group. Plaintiff thus officially through this letter needs to be able to come back to Ms. Cunningham's consultation group and this Lockout of Consultation groups must end. A second letter from STA teaching member Lisa Rabbitz also needs to be sent, via certified mail to the Plaintiff, as a second option for when plaintiff can attend a second consultation group if this group exists, given by Ms. Rabbitz, who also has an office in San Francisco. A letter stating possible group dates in the future is not acceptable, as this constitutes further racial harassment on part of defendant. A set date and time for next consultation group meeting and an official letter is necessary for this matter. If these letters are not sent and Plaintiff thus continues to be hindered from completing STA membership, Defendant must pay plaintiff triple damages of costs incurred by beginning this membership and Plaintiff having officially presented herself as seeking STA membership in August 2000 to Lee Ben-Yahuda, evidence in the form of a letter already submitted to this Court. Cost of triple damages: $80,000, if plaintiff is further hindered in any manner from completing STA membership by August 1, 2010, deadline to complete this membership.

Jane Rocio Evans

CV08- 01066 SBA

2. Facts: Lauren Cunningham sent letter which plaintiff received, in which she stated that she is not going to allow plaintiff to attend any of her Consultation groups 'because I say so.' And Ms. Cunnigham 'doesn't want any more people in my STA consultation group.' This was a racially discriminatory business reason given by Defendant. Letter by Ms. Cunningham submitted as evidence of racial discrimination towards Ms. Evans' protected status of Mexican, submitted to Court. Letter to Sue STA given by the Equal Employment Opportunity Commission in San Francisco, given to Plaintiff. Attorney referral list given to plaintiff by EEOC staff, so that plaintiff may have referrals for attorneys to sue the STA, based on racial discrimination, violation of Mexican protected status. STA not employer of plaintiff, nevertheless, more than one letter to sue was given by EEOC. Enclosing most recent letter from EEOC with this statement. Sachiko Reece, teaching STA teaching member, refused to become mentor for plaintiff, without given business reason for refusing. Letter from STA Teaching member Barbara Miriello was not given to Plaintiff and thus her STA membership has been intentionally hindered by Ms. Miriello, who never gave a business reason to plaintiff for not giving this letter. Proof that Cathy, administrative assistant at Center for Inner work in San Diego, Ca., received this letter via certified mail submitted as evidence to court. Cathy stated that she would give this letter to Ms. Miriello, and there would be no logical reason for her not doing this. Ms. Miriello received this letter, as Plaintiff received from Cathy in the mail sandplay slides of Plaintiff's sandplay process as guided by Ms. Miriello. Ms. Miriello, however, never sent letter verifying completion of Sandplay process for plaintiff, as requested in writing from Plaintiff in letter. Maria Chiaia, STA teaching member, intentionally locked out Plaintiff from her STA consultation group. Her business reason given by e-mail to plaintiff was ' I don't want you in my Consultation group because this is the way it is going to be.' Defendant was thus intentionally racially discriminating and harassing to Plaintiff. STA teaching member Harriet Friedman refused to allow plaintiff entrance into her consultation group, her business reason being:' because I don't know you and you're not Licensed." Not knowing Plaintiff and Plaintiff not being licensed at the time are not given in writing in the STA guidelines under which Plaintiff falls under. There is no requirement in these guidelines for Plaintiff being licensed as a marriage, family therapist in order to attend a sandplay consultation group. "Not knowing Plaintiff" is an unprofessional, illogical, unreasonable argument and thus shows racial discrimination on the part of Ms. Friedman, who is Caucasian. Ms. Friedman also refused to assist Plaintiff to participate in a sandplay consultation group in San Francisco. There is evidence of this by e-mail from Ms. Friedman, which plaintiff has submitted to Court. Ms. Friedman's business reason was:" I am not going to assist you with this, as you've done so much already yourself." Plaintiff has experienced this as abandonment. Plaintiff has experienced these lockouts as severely distressing. Fact: Ms. Joyce Cunningham, STA teaching member, refused to have plaintiff participate in a Sandplay process with her, giving as her business reason:' Dual relationship.' There is evidence from STA website that this statement does not apply; EEOC personnel have named this as evidence to Plaintiff.

*[Signature: Jane Rocio Evans]*
CV 08 - 01066 SBA

3. Legal issues: Confidentiality laws violated. Ms. Chiaia slandered Plaintiff to Lauren Cunningham. STA teaching member Gita Morena slandered Plaintiff to Sachiko Reece and Harriet Friedman, as well as Barbara Miriello. Title VII laws violated, that of protected status of Mexican. Mission statement of sandplay therapist of America violated, including sliding scale fee for sandplay consultation groups, particularly violated by Ms. Morena. Evidence submitted to STA Board by Plaintiff in the form of a money order receipt in which Ms. Morena charged Plaintiff $80 per sandplay process session. Legal issues: Confidentiality laws violated. Personal injury occurred, in form of severe emotional distress. Ms. Chiaia slandered plaintiff to Lauren Cunningham. Gita Morena slandered Plaintiff to Sachiko Reece and Harriet Friedman, as well as Barbara Miriello. Title VII laws violated, that of protected status of Mexican. Ms. Miriello also violated mission statement in this manner, by charging plaintiff $80 per sandplay process session. She did this intentionally, as she was aware of plaintiff's financial resources at the time, having done a financial assessment with plaintiff. In spite of knowledge that Plaintiff was a Marriage, family Intern at the time, Ms. Mirriello continued to charge Plaintiff $80 per session, totaling about $160 per month for sessions. Plaintiff suffered financial harm by not being able to afford sufficient clothing at the time.

*[signature]*

CV08 - 01066 SBA

4. Motions: For Sachiko Reece to become mentor and advisor of Plaintiff, in order for plaintiff to complete STA membership. For Ms. Miriello to write letter stating that Plaintiff engaged in Sandplay Therapy process with her, letter stating the number of hours completed. For Ms. Reece to allow plaintiff back into her Los Angeles Sandplay Consultation group when Plaintiff moves back to San Diego, CA. For Defendant to pay moving costs of plaintiff, cost of sandplay therapy collection and triple damages for all of the training received from STA teaching members, including costs of sandplay therapy processes, if these motions are not mutually agreed upon. For Ms. Cunningham to allow plaintiff back into her sandplay Consultation group. For slander of plaintiff from teaching members to stop immediately, in particular defamation concerning Plaintiff's mental health status and Diagnosis, which defendant has grossly violated, since by law Defendant cannot diagnose plaintiff's mental health status, as Defendant is not Plaintiff's medical doctor or psychiatrist. Slander which has caused serious harm, that plaintiff is mentally unstable must stop immediately. For Confidentiality of Plaintiff to be protected, especially from Ms. Morena and Ms. Chiaia, regarding any further defamation concerning plaintiff's professional competency. This slander includes statements that that Plaintiff is not competent and is a sandplay Therapy 'beginner,' that Plaintiff is not committed to sandplay Training, defamation slandered about Plaintiff by Ms. Morena, when Plaintiff's commitment to STA training and Sandplay is strong and undeniable.

5. 11. Relief: $80,000 in damages total should Plaintiff continue to be intentionally hindered from completing STA membership. Requesting Triple damages currently of $24,000 for moving costs for Plaintiff to have moved from San Diego to the San Francisco in order to participate in sandplay consultation groups and Sandplay therapy process. Ms. Reece is a witness that Plaintiff made this move or decision for this purpose. Plaintiff communicated this to Ms. Reece in May 2004. Letter from witness Elena Velasquez, written in 2004, evidence submitted to Court, is evidence that Plaintiff moved to San Francisco to attain further training in sandplay therapy. Damages sought for emotional cost of plaintiff giving up her beloved cat, marshmallow, in order to move to San Francisco. Plaintiff suffered grief and loss of leaving close friend s and family members behind in San Diego and Southern California, in order to complete sandplay Training. Plaintiff suffered personal injury and emotional distress due to defamation and slander and racial harassment, particularly by Joyce Cunningham and Lauren Cunningham. Damages requested are therefore based on serious, valid concerns and losses.

6. 12. Settlement: $24,000 in monetary damages. Immediate limits set to defamation and slander of professional reputation. Immediate entrance back into sandplay Consultation groups, immediate mentorship by Ms. Reese. Letter of apology from Joyce Cunningham for intentionally lying to Plaintiff in letter and by phone.

7. 18 Trial: Possible to avoid jury of the Court if defendant makes serious efforts to comply with reasonable expectations of Plaintiff. If further racial harassment and discrimination continues, then definitely, Plaintiff will call for Trial.

*[signature]*

CV08 - 01066 SBA

19    19: No other firms or interests known to have a financial interest in the subject matter.
20    20: To be addressed as it comes up.
~~21~~

*[Signature]*
CV 08 – 01066 SBA