1  BRIAN T. McMILLAN, Bar No. 111890
   LITTLER MENDELSON
2  A Professional Corporation
   50 West San Fernando Street
3  15th Floor
   San Jose, CA 95113.2303
4  Telephone:     408.998.4150
   Facsimile:     408.288.5686
5  Email:         bmcmillan@littler.com

6  Attorneys for Defendant
   SANDPLAY THERAPISTS OF AMERICA
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10 JANE R. EVANS,                        Case No.  C 08-01066 SBA

11              Plaintiff,               **DEFENDANT'S NOTICE OF MOTION
                                         AND MOTION TO DISMISS OR,
12      v.                               ALTERNATIVELY, FOR SUMMARY
                                         JUDGMENT; MEMORANDUM OF
13 SANDPLAY THERAPISTS OF                POINTS AND AUTHORITIES IN
   AMERICA,                              SUPPORT OF MOTION**
14
                Defendant.               **(Fed. R. Civ. P. 12(b)(6) and 56(c))**
15

16                                       **Hearing Date: Tuesday, September 9, 2008
                                         Time:  1:00 p.m.**
17                                       **Place:  Courtroom 3, Third Floor**

18

19        PLEASE TAKE NOTICE that on September 9, 2008, at 1:00 p.m. in the Courtroom of the

20 Honorable Saundra Brown Armstrong, United States District Court for the Northern District of

21 California, Courtroom 3, Third Floor, Defendant Sandplay Therapists of America will move and

22 hereby does move this Court for dismissal with prejudice of the Complaint filed by Plaintiff Jane R.

23 Evans against Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

24 ("FRCP").  PLEASE TAKE FURTHER NOTICE that in the event the Court, in ruling on this

25 Motion to Dismiss, relies on matters outside the pleadings, Defendant requests that this motion be

26 viewed as a motion for summary judgment/adjudication under Rule 56 of the FRCP, and on that

27 basis, seeks the dismissal with prejudice of Plaintiff's Complaint.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 08-01066 SBA
FIRMWIDE:85620579.2 625000.1178

MOT. TO DISMISS OR FOR SUMM. JUDGMT,
AND MEMO OF POINTS AND AUTH. IN SUPPORT

1  Defendant's Motion is based on this Notice of Motion and Memorandum of Points and
2  Authorities; the declaration of Rie Rogers Mitchell served and filed herewith as Exhibit A to the
3  Notice of Motion; the pleadings and papers filed in this action to date; and on such additional
4  evidence and oral argument that the Court may consider.

5  ### STATEMENT OF RELIEF REQUESTED

6  Defendant requests that the Court grant with prejudice, and without leave to amend, its
7  motion to dismiss the Complaint against it pursuant to FRCP 12(b)(6). In the alternative, Defendant
8  requests that summary judgment/adjudication be granted in favor of Defendant and against Plaintiff
9  pursuant to FRCP 56.

10  ### MEMORANDUM OF POINTS AND AUTHORITIES

11  ### I.    INTRODUCTION

12  On February 22, 2008, Plaintiff Jane R. Evans (hereinafter "Plaintiff") filed a Complaint
13  against Defendant Sandplay Therapists of America (hereinafter referred to as "Sandplay" or
14  "Defendant"). Plaintiff's Complaint, consisting of several pages of attachments, makes general
15  allegations of maltreatment by individuals, such as denying her access to programs, insults and other
16  acts, all predicated on her Hispanic ethnicity. Plaintiff brings her action under Title VII of the Civil
17  Rights Act of 1964, as amended ("Title VII"), 42 United States Code section 2000e *et seq. See*
18  Complaint ¶¶ 4, 5 and accompanying documents.

19  Sandplay brings this motion to dismiss or, in the alternative, for summary judgment, based
20  on two grounds. First, Plaintiff was never employed by Sandplay, and, thus, she cannot maintain a
21  Title VII action for employment discrimination against Sandplay. Second, Title VII is not applicable
22  to Sandplay because Sandplay does not have the requisite number of employees and thus is not an
23  "employer" as defined by that statute. For these reasons, Sandplay respectfully requests that the
24  Court dismiss Plaintiff's Complaint against it with prejudice.

25  ### II.    LEGAL STANDARD

26  Sandplay brings its motion pursuant to FRCP 12(b)(6), or in the alternative, pursuant to Rule
27  56(c). Dismissal of a claim pursuant to Rule 12(b)(6) is appropriate when the cause of action
28  pleaded fails to state a claim upon which relief may be granted. Arnold v. United Artists Theater

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

1    Circuit, Inc., 866 F. Supp. 433, 435 (N.D. Cal. 1994). When considering a motion to dismiss the

2    complaint of a *pro se* plaintiff, the court must determine if, "even when liberally construed, 'it

3    appears beyond doubt' that [plaintiff] 'can prove no set of facts in support of his claim that would

4    entitle him to relief.'" Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.

5    1984).

6    　　　In the alternative, Sandplay brings a motion for summary judgment. A motion for summary

7    judgment shall be granted where there is no genuine issue as to any material fact and the moving

8    party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the

9    initial burden of informing the court of the basis for its motion and identifying those portions of the

10   file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v.

11   Catrett, 477 U.S. 317 (1986).

12   **III.    ARGUMENT**

13   　　　**A.    Title VII Pertains Only to Alleged Employment Discrimination.**

14   　　　Title VII is entitled "Equal Employment Opportunities." Section 703 (42 U.S.C. § 2000e-2)

15   enumerates "unlawful *employment* practices," including discriminating against any individual "with

16   respect to his compensation, terms, conditions or privileges of *employment*...." 42 U.S.C. § 2000e-

17   2(a)(1) (emphasis added). Title VII proscribes certain discriminatory acts by employers, and defines

18   an "employee" as "an individual employed by an employer." Id. § 2000e(f). Thus, "it is axiomatic

19   that in order to establish her Title VII claims against [the defendant], [the plaintiff] must prove that

20   [the defendant] was her employer. Scales v. Sonic Industries, Inc., 887 F. Supp. 1435, 1438 (E.D.

21   Okla. 1995). In the case of Tadros v. Coleman, 717 F. Supp. 996 (S.D. N.Y. 1989), the district court

22   stated: "As the statute's language makes clear, Title VII is not a legal catchall. Title VII is an

23   employment law, available only to employees (or prospective employees) seeking redress for the

24   unlawful employment practices of their employers." Id. at 1002-1003 (citations omitted). See also

25   Schoenbaum v. Orange County Center for Performing Arts, Inc., 677 F. Supp. 1036, 1039 (C.D. Cal.

26   1987) (finding that volunteers are not employees under the Age Discrimination in Employment Act).

27   　　　Here, Plaintiff fails to state a claim upon which relief may be granted under Title VII.

28   Nowhere in her Complaint or in the attachments to her Complaint does Plaintiff state or indicate that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

CASE NO. C 08-01066 SBA            3.        MOT. TO DISMISS OR FOR SUMM. JUDGMT,
FIRMWIDE:85620579.2 625000.1178                AND MEMO OF POINTS AND AUTH. IN SUPPORT

1    she was ever an employee of Sandplay or had applied for employment. *See* Plaintiff's Complaint

2    and attachments. Indeed, Plaintiff *admits* in a Court filing that she was never employed by

3    Sandplay, and that no employer-employee relationship existed. In her document titled "Exhibits and

4    Response Mailed by Plaintiff to Defendant," filed with the Court on June 10, 2008, Plaintiff stated:

5        **EXHIBIT 2:** Plaintiff sent a letter to the EEOC office on February 8, 2008.

6        In this letter, Plaintiff gave reasons as to why Plaintiff saw that *even though*

7        *there was no employee/employer relationship with Defendant*, Plaintiff stated
    that the matter fell within the scope of practice of the EEOC, as Defendant's

8        organization is a professional employment related organization for Plaintiff.

9    *See* June 10, 2008, filing at p. 2 (Docket Entry No. 19) (emphasis added). Plaintiff's letter to the

10   EEOC responded to the EEOC's dismissal of her administrative claim because there was no

11   employee-employer relationship between Plaintiff and Sandplay. *See* EEOC Dismissal and Notice

12   of Rights attached to Plaintiff's June 10, 2008, filing (listing the reason for dismissal as "No

13   employer/employee relationship").

14       Plaintiff confuses the scope of Title VII by claiming that the EEOC still has jurisdiction over

15   her claim because it is a "professional employment related organization" for Plaintiff. While

16   membership in the organization may relate to an individual's "professional employment," that does

17   not create the requisite employment relationship. Sandplay is a non-profit organization established

18   to train, support, and promote professional development in sandplay. (Declaration of Rie Rogers

19   Mitchell ¶¶ 3-4, attached hereto as Exhibit A.) Plaintiff was an associate member, and not an

20   employee. (Mitchell Declaration ¶¶ 5, 7-8.) As such, Plaintiff's Complaint is fatally defective.

21       Because Plaintiff was never an employee of Sandplay, as she has conceded, Title VII is not

22   implicated. Plaintiff may not, therefore, maintain this action against Sandplay.

23       **B.**    **Title VII Applies To Employers with Fifteen Employees, and, Thus, It Does Not
24       Apply to Sandplay, Which Has No Employees.**

25       Title VII defines "employer" as "a person engaged in an industry affecting commerce who

26   has fifteen or more employees for each working day in each of twenty or more calendar weeks in the

27   current or preceding calendar year, and any agent of such a person." 42 U.S.C. 2000e(b). Where an

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

CASE NO. C 08-01066 SBA
FIRMWIDE:85620579.2 625000.1178

4.

MOT. TO DISMISS OR FOR SUMM. JUDGMT,
AND MEMO OF POINTS AND AUTH. IN SUPPORT

1    employer does not have the requisite number of fifteen employees, Title VII does not apply. See

2    Schoenbaum v. The Orange County Center for the Performing Arts, Inc., 677 F. Supp. 1036, 1039

3    (C.D. Cal. 1987) (granting defendant's motion to dismiss on the grounds that the employer did not

4    have the requisite number of twenty employees to be subject to the Age Discrimination in

5    Employment Act).

6         Here, Sandplay has no employees and never employed any of the individuals identified in

7    Plaintiff's Complaint. (Mitchell Declaration ¶ 5.) At all times relevant to Plaintiff Jane Rocio

8    Evans' lawsuit, it never held an employer-employee relationship with any individual. (Mitchell

9    Declaration ¶ 5.) To the extent it needs assistance such as bookkeeping, it hires independent

10   contractors. (Mitchell Declaration ¶ 6.) There are no more than 3 to 5 independent contractors that

11   provide bookkeeping or web design services in a year. (Mitchell Declaration ¶ 6.)

12        Because Sandplay does not qualify as an "employer" under the fifteen-employee requirement

13   under Title VII, Title VII does not apply to Sandplay. Plaintiff, thus, cannot bring this action against

14   Sandplay under Title VII.

15        //

16        //

17        //

18        //

19        //

20        //

21        //

22        //

23        //

24        //

25        //

26        //

27        //

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 08-01066 SBA                5.        MOT. TO DISMISS OR FOR SUMM. JUDGMT,
FIRMWIDE:85620579.2 625000.1178                   AND MEMO OF POINTS AND AUTH. IN SUPPORT

1

2    **IV.    CONCLUSION**

3            For the reasons discussed above, Defendant Sandplay Therapists of America respectfully

     requests that this Court dismiss this Complaint with prejudice and in its entirety.
4

5    Dated: July 3, 2008

6                                                    Respectfully Submitted,

7

8                                                    BRIAN T. McMILLAN
                                                     LITTLER MENDELSON
9                                                    A Professional Corporation
                                                     Attorneys for Defendant
10                                                   SANDPLAY THERAPISTS OF AMERICA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO.  C 08-01066 SBA
FIRMWIDE:85620579.2 625000.1178

6.

MOT. TO DISMISS OR FOR SUMM. JUDGMT,
AND MEMO OF POINTS AND AUTH. IN SUPPORT

# EXHIBIT A

1   BRIAN T. McMILLAN, Bar No. 111890
    LITTLER MENDELSON
2   A Professional Corporation
    50 West San Fernando Street
3   15th Floor
    San Jose, CA 95113.2303
4   Telephone:    408.998.4150
    Facsimile:    408.288.5686
5   Email:        bmcmillan@littler.com

6   Attorneys for Defendant
    SANDPLAY THERAPISTS OF AMERICA
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  JANE R. EVANS,                          Case No.  C 08-01066 SBA

11              Plaintiff,                   **RIE ROGERS MITCHELL'S**
                                             **DECLARATION IN SUPPORT OF**
12       v.                                  **DEFENDANT'S MOTION TO DISMISS**
                                             **OR, IN THE ALTERNATIVE, MOTION**
13  SANDPLAY THERAPISTS OF                   **FOR SUMMARY JUDGMENT**
    AMERICA,
14
                Defendant.
15

16       I, Rie Rogers Mitchell, declare as follows:

17       1.      I make this declaration in support of the motion to dismiss or, in the alternative,

18  motion for summary judgment filed by Defendant Sandplay Therapists of America ("Sandplay").

19  The matters referred to in this declaration are based upon my personal knowledge, and if called as a

20  witness in this action, I could and would testify competently thereto.

21       2.      I am the Chair of the Board of Trustees for Sandplay.  Since 1998, I have served on

22  the Board of Trustees, and since 1992, I have been a member of the organization.

23       3.      Sandplay is a non-profit organization established to train, support, and promote

24  professional development in sandplay.

25       4.      Sandplay invites individuals interested in the goals and mission of the organization to

26  become members of the organization.  There are different levels of membership.

27       5.      Sandplay has no employees, and none of the individuals identified in Plaintiff's

28  Complaint, which I have read, were employees.  At all times relevant to Plaintiff Jane Rocio Evans'

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO.  C 08-01066 SBA        MITCHELL DEC. IN SUPPORT OF MOTION
                                TO DISMISS AND/OR SUMM. JUDGT

1   lawsuit, it never held an employer-employee relationship with any individual.

2       6.      To the extent Sandplay needs bookkeeping or other services, it contracts with

3   individuals to provide those services. For example, Sandplay has contracted with one individual to

4   provide office administrative assistance and bookkeeping.   She is an independent contractor.

5   Sandplay uses no more than 3 to 5 independent contractors every year.

6       7.      Plaintiff Jane R. Evans was an associate member of Sandplay.

7       8.      Plaintiff was never financially compensated by Sandplay and was never employed by

8   Sandplay.

9       I have read the foregoing declaration consisting of this and one other page.  I hereby declare

10  under penalty of perjury under the laws of the State of California that the foregoing is true and

11  correct.

12  Executed this  3  day of July, 2008 in _Calobasas_, California.

13

14

15                                    _Rie Rogers Mitchell_
                                      Rie Rogers Mitchell
16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C 08-01066 SBA                    2.           MITCHELL DECLARATION IN SUPPORT OF
FIRMWIDE:85724967.1 000000.0001                         MOTION TO DISMISS AND/OR SUMM. JUDGT

1

**PROOF OF SERVICE BY MAIL**

2        I am employed in Santa Clara County, California. I am over the age of eighteen years

3   and not a party to the within-entitled action. My business address is 50 West San Fernando Street,

4   15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for

5   collection and processing of correspondence for mailing with the United States Postal Service. On

6   July 3, 2008, I placed with this firm at the above address for deposit with the United States Postal

7   Service a true and correct copy of the within document(s):

8               **DEFENDANT'S NOTICE OF MOTION AND MOTION TO**
            **DISMISS OR, ALTERNATIVELY, FOR SUMMARY**

9               **JUDGMENT; MEMORANDUM OF POINTS AND**
            **AUTHORITIES IN SUPPORT OF MOTION**

10

11        in a sealed envelope, postage fully paid, addressed as follows:

12   Jane Rocio Evans, MFT
    P. O. Box 424886

13   San Francisco, CA 94142

14        Following ordinary business practices, the envelope was sealed and placed for

15   collection and mailing on this date, and would, in the ordinary course of business, be deposited with

16   the United States Postal Service on this date.

17        I declare that I am employed in the office of a member of the bar of this court at

18   whose direction the service was made.

19        Executed on July 3, 2008, at San Jose, California.

20

21                             _____

22                               Leigh Ann Taaffe

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando
15th Floor
San Jose, CA 95113 2303
408.998.4150

CASE NO. C 08-01066 SBA
FIRMWIDE:85620579.2 625000.1178

7.

MOT. TO DISMISS OR FOR SUMM. JUDGMT,
AND MEMO OF POINTS AND AUTH. IN SUPPORT