BRIAN T. McMILLAN, Bar No. 111890
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
Telephone:  408.998.4150
Facsimile:  408.288.5686
Email:      bmcmillan@littler.com

Attorneys for Defendant
SANDPLAY THERAPISTS OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE R. EVANS,<br><br>        Plaintiff,<br><br>v.<br><br>SANDPLAY THERAPISTS OF AMERICA,<br><br>        Defendant. | Case No.  C 08-01066 SBA<br><br>[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT<br><br>Hearing Date: September 9, 2008<br>Time: 1:00 p.m.<br>Judge: Judge Saundra B. Armstrong<br>Courtroom 3, Third Floor |

After consideration of the briefs and arguments of Plaintiff Jane R. Evans, appearing *pro se* and of Defendant Sandplay Therapists of America, appearing through counsel, and all other matters presented to the Court, Defendant's motion to dismiss Plaintiff's Complaint or, in the alternative, motion for summary judgment, is GRANTED.

## BACKGROUND

On February 22, 2008, Plaintiff Jane R. Evans (hereinafter "Plaintiff") filed a Complaint against Defendant Sandplay Therapists of America.  Plaintiff's Complaint, consisting of several pages of attachments, makes general allegations of maltreatment by individuals, such as denying her access to programs, insults and other acts, all predicated on her Hispanic ethnicity.  Plaintiff brings her action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. C 08-01066 SBA

[PROPOSED] ORDER GRANTING DEF'S MTN TO DISMISS AND/OR MOT. FOR SUMM. JUDGMT.

## LEGAL STANDARD

Dismissal of a claim pursuant to Rule 12(b)(6) is appropriate when the cause of action pleaded fails to state a claim upon which relief may be granted. Arnold v. United Artists Theater Circuit, Inc., 866 F. Supp. 433, 435 (N.D. Cal. 1994). When considering a motion to dismiss the complaint of a *pro se* plaintiff, the court must determine if, "even when liberally construed, 'it appears beyond doubt' that [plaintiff] 'can prove no set of facts in support of his claim that would entitle him to relief.'" Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).

A motion for summary judgment shall be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

## ANALYSIS

### 1. Plaintiff Fails To State a Claim Because She Was Not an Employee of Defendant.

Title VII is entitled "Equal Employment Opportunities." Section 703 (42 U.S.C. § 2000e-2) enumerates "unlawful *employment* practices," including discriminating against any individual "with respect to his compensation, terms, conditions or privileges of *employment*...." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). Title VII proscribes certain discriminatory acts by employers. Thus, "it is axiomatic that in order to establish her Title VII claims against [the defendant], [the plaintiff] must prove that [the defendant] was her employer. Scales v. Sonic Industries, Inc., 887 F. Supp. 1435, 1438 (E.D. Okla. 1995). In the case of Tadros v. Coleman, 717 F. Supp. 996 (S.D. N.Y. 1989), the district court stated: "As the statute's language makes clear, Title VII is not a legal catchall. Title VII is an employment law, available only to employees (or prospective employees) seeking redress for the unlawful employment practices of their employers." *Id.* at 1002-1003 (citations omitted).

Plaintiff fails to state a claim upon which relief may be granted under Title VII. Plaintiff *admits* in a Court filing that she was never employed by Defendant, and that no employer-employee relationship existed. In her document titled "Exhibits and Response Mailed by Plaintiff to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

CASE NO. C 08-01066 SBA        2.        [PROPOSED] ORDER GRANTING DEF'S MTN TO DISMISS AND/OR MOT. FOR SUMM. JUDGMT.

Defendant," filed with the Court on June 10, 2008, Plaintiff stated:

> **EXHIBIT 2:** Plaintiff sent a letter to the EEOC office on February 8, 2008. In this letter, Plaintiff gave reasons as to why Plaintiff saw that *even though there was no employee/employer relationship with Defendant*, Plaintiff stated that the matter fell within the scope of practice of the EEOC, as Defendant's organization is a professional employment related organization for Plaintiff.

June 10, 2008, filing at p. 2 (Docket Entry No. 19) (emphasis added). Plaintiff's letter to the EEOC responded to the EEOC's dismissal of her administrative claim because there was no employee-employer relationship between Plaintiff and Defendant.

Defendant has demonstrated that Plaintiff was never an employee of Sandplay. Since Title VII pertains only to "employment" and not to business opportunities and relationships, Plaintiff may not maintain this action for "employment" discrimination against Defendant and cannot demonstrate a viable claim under Title VII.

### 2. Title VII Does Not Apply to Defendant.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. 2000e(b).

Here, Defendant has no employees. Because it has less than the fifteen-employee requirement under Title VII, Title VII does not apply to Defendant. See Schoenbaum v. The Orange County Center for the Performing Arts, Inc., 677 F. Supp. 1036, 1039 (C.D. Cal. 1987) (granting defendant's motion to dismiss on the grounds that the employer did not have the requisite number of twenty employees to be subject to the Age Discrimination in Employment Act).

### CONCLUSION

For the reasons discussed above, Defendant Sandplay Therapists of America's motion to dismiss and/or motion for summary judgment are granted and this action is dismissed with prejudice and in its entirety.

IT IS SO ORDERED.

DATED:_____

_____
HON. JUDGE SAUNDRA B. ARMSTRONG

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. C 08-01066 SBA     3.     [PROPOSED] ORDER GRANTING DEF'S MTN TO DISMISS AND/OR MOT. FOR SUMM. JUDGMT.

## PROOF OF SERVICE BY MAIL

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On July 3, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

in a sealed envelope, postage fully paid, addressed as follows:

Jane Rocio Evans, MFT
P. O. Box 424886
San Francisco, CA 94142

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 3, 2008, at San Jose, California.

_____
Leigh Ann Taaffe

Firmwide:85621339.2 625000.1178

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. C 08-01066 SBA   4.   [PROPOSED] ORDER GRANTING DEF'S MTN TO DISMISS AND/OR MOT. FOR SUMM. JUDGMT.